[Cite as *State v. Lay*, 2012-Ohio-5102.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2011-CA-29 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case Nos. 05-CR-215 |
| v. | : | 05-CR-251 |
| | : | 05-CR-51 |
| JERRY R. LAY | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of November, 2012.

. . . . . . . . . .

NICK SELVAGGIO, Atty. Reg. #0055607, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
  Attorney for Plaintiff-Appellee

JERRY R. LAY, #456-077, Chillicothe Correctional Institution, Post Office Box 5500, Chillicothe, Ohio 45601
  Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Jerry R. Lay appeals from a November 14, 2011 order denying his motion to modify his sentence imposed in 2006 for eight counts of Gross Sexual

Imposition, to which he had pled guilty. Lay contends that the trial court erred by failing to apply the provisions of 2011 H.B. 86, which amended various provisions pertaining to criminal sentencing.

{¶ 2} 2011 H.B. 86 does not apply to a sentence, like this one, that was imposed before the effective date of the statute. Therefore, the trial court did not err by declining to apply H.B. 86. The order of the trial court from which this appeal is taken is Affirmed.

## I. The Proceedings in 2006

{¶ 3} In January 2006, Lay pled guilty to eight counts of Gross Sexual Imposition, all felonies of the third degree. Six other counts, the nature of which we cannot determine from this record, were dismissed. Also, the State agreed to delete from each of the counts to which Lay pled guilty the fact that he had a prior conviction. The offenses to which Lay pled guilty occurred during the period from 1993 through 1996.

{¶ 4} Both Lay and the State agreed, on the record, "that sentencing will occur under the old section 2929.11(D)(1) [presumably the version of the statute in effect when the offenses were committed] which would allow for a possible one, one and a half or two year sentence on each of the eight counts."

{¶ 5} Three days later, Lay appeared for sentencing. The parties and the trial court had reviewed a pre-sentence investigation report. The trial court classified Lay as a sexual predator, and sentenced him to two years on each of seven of the counts, and one year on the remaining count, all to be served consecutively, for a total sentence of fifteen years. The trial court also ordered this sentence to be served consecutively to a sentence Lay was then serving

in another case. The trial court observed "that Defendant's prison stay and return to society will be through the Adult Parole Authority based on parole provisions," and both parties agreed with that statement.

## II. The Proceedings in 2011

{¶ 6} In November 2011, Lay filed a "Petition to Modify and/or Reduce Sentence Pursuant to R.C. §1.58 & §1.52, HB 86." In the order from which this appeal is taken, the trial court noted that Lay was requesting that the trial court order his sentences to be served concurrently, rather than consecutively, relying upon 2011 H.B. 86.

{¶ 7} The trial court denied the petition, finding "that H.B. 86 does not affect the imposition of consecutive sentences in Defendant's case." From the denial of his petition, Lay appeals.

## III. Because Lay's Sentence Was Imposed Before 2011 H.B. 86
## Became Effective, It Has No Application to Him

{¶ 8} Lay's sole assignment of error is as follows:

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN RULING

HOUSE BILL 86 IS NO [sic] RETROACTIVE.

{¶ 9} Lay appears to be arguing that as a result of 2011 H.B. 86, the trial court could not impose consecutive sentences without making the findings required by R.C. 2929.14(C)(4). We disagree.

{¶ 10} When Lay was sentenced, on January 20, 2006, the trial court asserted that it

was not required to make any particular findings, but nevertheless made the following findings:

The Court finds that the offenses here are the result of circumstances likely to recur. The Court finds victim of the offense did not induce or facilitate the offense. The Court finds that there are no substantial grounds tending to excuse or justify the offenses. The Court finds that there was no strong provocation that caused the Defendant to offend. The Court finds that Defendant has a history of criminal activity.

* * *

The Court finds that each of the sentences shall be conserved [sic] consecutively to each other and consecutive to the current Clark County case.

The Court makes the finding of consecutive sentence based on all the circumstances that have previously been announced.

The Court finds that such a sentence as set forth by the Court is necessary to protect the public, punish the Defendant, is not disproportionate to the sentences of defendants of other similar crimes.

The Court finds that the harm is so great or unusual that a single term does not adequately reflect the seriousness of the conduct.

The Court further finds that the Defendant's criminal history shows that consecutive terms are needed to protect the public.

Those findings by the Court are also reasons by the Court for imposing sentence.

Findings and reasons are not necessary under Ohio law but they are given as an explanation of the basis for the sentencing.

The Court finds specifically that Defendant caused serious emotional harm to the victim in this case. The Court finds that these are in fact sex offenses. The Court finds Defendant's pattern of conduct has become progressively more serious.

The sentence for the crimes that Defendant has pleaded guilty to here is a similar sentence to the type of sentence that would have taken place if the Defendant's original plea deal were able to proceed.

The Court does not adopt the Prosecutor's remarks about allegations of Defendant's conduct that are not the subject of formal charges – formal criminal charges or convictions.

The Court does not find that there was any cruelty in Defendant's conduct – as cruelty that is set forth in the statute.

{¶ 11} At the conclusion of the sentencing hearing, the trial court asked each party if it "[sought] anything else then from this hearing?" Lay did raise an issue concerning his sexual predator classification, but raised no other issues in response to this question.

{¶ 12} At the time of Lay's sentencing, R.C. 2929.14(E)(4) required, as a predicate for the imposition of consecutive sentences, a finding that "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." That statute also required, as a predicate for the imposition of consecutive sentences, at least one of three additional findings: that the

offender was already under control of the court due to an earlier conviction, that at least two of the offenses were committed as part of a course of conduct and the harm was so great or unusual that no single prison term adequately reflects the seriousness of the conduct, or that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 65. Although the trial court in the case before us may have been under the misimpression that it did not need to make the required findings, it can be seen from the trial court's statement at sentencing quoted above that it did, in fact, make the findings that were required at that time.

{¶ 13} As Lay notes in his brief, shortly after his sentencing, *State v. Foster* was decided on February 27, 2006. *Foster* held that the statutory requirement that a trial court must make certain findings before imposing consecutive sentences violated the United States Constitution; it therefore severed that requirement (and certain other fact-finding requirements, as well) from the statute. *Id.*, ¶ 99-102. Thus, if the trial court in this case was under the impression that it was not required to make any findings of fact, the trial court was prescient, in view of the forthcoming decision in *Foster*.

{¶ 14} In 2009, after *State v. Foster*, the Supreme Court of the United States decided *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009). In that case, an Oregon statute that required judicial fact-finding as a prerequisite for the imposition of consecutive sentences was upheld as constitutional. Ohio defendants argued, after *Oregon v. Ice*, that the result of the holding in that case was to resurrect the statutory requirement of judicial fact-finding as a prerequisite for the imposition of consecutive sentences, which the Ohio

General Assembly had not repealed.

{¶ 15}   But in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶ 39, the Supreme Court of Ohio held that *Oregon v. Ice* did not revive the Ohio statutory requirement of judicial fact-finding as a prerequisite for the imposition of consecutive sentences.   The Supreme Court did note, however, that as a result of *Oregon v. Ice*, the Ohio General Assembly was free to enact new legislation requiring that findings be made.   *Id.*

{¶ 16}   In 2011 H.B. 86, the Ohio General Assembly did, in fact, enact a new, but slightly different, requirement of judicial fact-finding as a prerequisite for the imposition of consecutive sentences.     H.B.  86  contains  many  amendments  to  criminal  sentencing provisions; the judicial fact-finding requirement is codified in R.C. 2929.14(C)(4):

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so

committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 17} Lay argued to the trial court in support of his petition, and here on appeal, that the provisions of 2011 H.B. 86 must be applied to him.

{¶ 18} Section 4 of 2011 H.B. 86 contains provisions specifying the retroactive or prospective effects of the amendments to specified sections of the Revised Code, but R.C. 2929.14(C) is not mentioned. Division (A) of R.C. 2929.14 is mentioned, but not the other divisions of R.C. 2929.14.

{¶ 19} Lay cites R.C. 1.58, which provides as follows:

(A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:

(1) Affect the prior operation of the statute or any prior action taken thereunder;

(2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred thereunder;

(3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal;

(4) Affect any investigation, proceeding, or remedy in respect of any such privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty,

forfeiture, or punishment imposed, as if the statute had not been repealed or amended.

(B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.

{¶ 20} Division (A) of R.C. 1.58 clearly provides that an amendment or reenactment of a statute shall not affect prior actions unless Division (B) applies. Division(B) provides that when a statutory penalty or punishment is reduced by a statutory reenactment or amendment, the reduced penalty or punishment shall apply if the penalty or punishment is not "already imposed."

{¶ 21} Lay's sentence was imposed in 2006, more than five years before the effective date of 2011 H.B. 86. Therefore, by operation of R.C. 1.58, the amendments to criminal sentencing set forth in 2011 H.B. 86 do not apply to him.

{¶ 22} Lay also cites R.C. 1.52. But that statute deals with situations in which the General Assembly enacts irreconcilable statutes or irreconcilable amendments, providing that unless the statutes or amendments can be harmonized, the latest statute or amendment in date of enactment shall prevail. R.C. 1.52 has no application to this case. This case does not involve two statutes, or two amendments, that are irreconcilable. This case involves the issue of whether a criminal sentencing amendment enacted in 2011 has application to a sentence imposed in 2006. By the plain operation of R.C. 1.58(B), it does not.

{¶ 23} The trial court correctly ruled that 2011 H.B. 86 has no application to the sentence imposed upon Lay in 2006. Lay's sole assignment of error is overruled.

## IV.  Conclusion

**{¶ 24}**  Lay's sole assignment of error having been overruled, the order of the trial court denying his petition to modify his sentence, from which this appeal is taken, is Affirmed.

. . . . . . . . . . . .

FROELICH and HENDON, JJ., concur.

(Hon. Sylvia Sieve Hendon, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Nick Selvaggio
Jerry Lay
Hon. Roger B. Wilson